JOSEPH C. MOORE, Appellant, *vs.* JAMES W. STILLMAN, Appellee.

DECEMBER 13, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Bills of Exception. Waiver.*

The appearance of a party by attorney at the hearing upon the allowance of a bill of exceptions is a waiver of the omission to give notice of the filing of the bill under C. & P. A., 490, and rule 32 of the rules of the Superior Court.

(2) *Bills of Exception. Amendment.*

Section 490 of the court and practice act requires that in a bill of exceptions the party "shall state separately and clearly the exceptions relied upon":—

*Held,* that general allegations in a bill of exceptions are insufficient.

*Held,* further, that, after a bill of exceptions had been docketed and the time limited by statute for the approval of the bill by the Superior Court or for establishing the exceptions in the Supreme Court had elapsed, amendments which for the first time created a substantial bill of exceptions would not be allowed.

*Query,* if, under our practice, verbal inaccuracies or trivial errors of statement might be corrected, or if any incompleteness or error in the record as certified might be corrected by *certiorari.*

PROBATE APPEAL. Heard on motion of appellant to dismiss appellee's bill of exceptions, and granted.

DOUGLAS, C. J. This is an appeal from the decree of the Probate Court of Westerly, filed in the Superior Court, March 8, 1907. A decision adverse to the appellee was rendered in the Superior Court, August 12, 1907. September 18, 1907, the appellee filed in the clerk's office a bill of exceptions and sent a copy of the same to the attorney of the appellant, but failed to give notice of his intention to file a bill of exceptions, as required by the provisions of section 490, of the court and practice act and rule 32 of the Superior Court. September 20th the bill of exceptions was allowed against the objection of the appellant, whose attorney appeared but did not assign the neglect to give notice as a ground of objection.

(1)	The appellant now moves to dismiss the bill of exceptions on the grounds, first, that the Superior Court had no jurisdiction to allow the bill inasmuch as the prescribed notice of intention to file the same was not given; and, secondly, because the bill does not state separately and clearly any finding of the court upon any issue of fact, or upon any issue of law by which the appellee deems himself aggrieved.

Section 490, court and practice act, and rule 32 were applicable to this case, as the statute amendatory of section 490.—Pub. Laws, cap. 1460—was not passed until April 23, 1907, and by its terms did not affect pending litigation. But we think that the appearance of the appellant by his attorney at the hearing in the Superior Court upon the allowance of the bill of exceptions was a waiver of the omission in the proceedings.

We think the second objection is fatal to the validity of the bill.

Section 490 of the court and practice act requires that in a bill of exceptions the party "shall state separately and clearly the exceptions relied upon." There is no such particularity of statement in the bill under consideration. The only grounds assigned by way of exception to the decision of the Superior Court are "that the said decree of this court is contrary to law, and that the said decree of the Probate Court ought to have been affirmed by this court."

This is clearly insufficient. Such general allegations were held unworthy of consideration under our former practice in a petition for a new trial. *Denison* v. *Foster*, 18 R. I. 735.

These conclusions were substantially reached by the court at the hearing on the motion to dismiss, and were apparently accepted by the parties as decisive of the controversy. Before our decision had been formulated, however, the appellee filed an application for leave to present to the Superior Court a motion to allow an amendment to his bill of exceptions, specifiying the questions of law and fact which he desired to bring before us for hearing. In some jurisdictions assignments of error are allowed to be amended. Perhaps even under our practice the correction of verbal inaccuracies or

trivial errors of statement might be permitted, and any incompleteness or error appearing in the record as certified might be corrected by *certiorari:* but the creation, for the first time, of a substantial bill of exceptions, under the name of an amendment, after the so-called bill has been docketed in this court and when the time limited by the statute for approval of a bill by the Superior Court, or for establishing the exceptions here, has elapsed, is contrary to the whole tenor of our system of practice. The court and practice act does not contemplate or provide for such a proceeding. Under that act errors of fact and errors of law are brought up for our review by bill of exceptions. These errors must be founded upon the record and stated with sufficient particularity to present clearly the questions intended to be raised. A certain time is prescribed within which the Superior Court may pass upon the form of the bill. After that time has expired the power to pass upon the bill is lost by the Superior Court, and within a further prescribed time application may be made to this court to establish the exceptions. As we said in *Hartley* v. *R. I. Company,* 28 R. I. 157, 159. "The whole arrangement is designed to promote diligence, and the alternative to compliance is inevitably a loss of the right to prosecute the exceptions."

We are of the opinion, therefore, that such an amendment as is now proposed is not admissible, and the motion to dismiss must be granted.

Exceptions dismissed, and case remanded to the Superior Court for entry of decree in accordance with the decision.

*John W. Sweeney,* for appellant.

*James W. Stillman,* for himself.